IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| LEILONNI DAVIS, ASHLEY SAFRIT, and LAUREN WILSON, on behalf of themselves and all others similarly situated, | Case No. 3:18-cv-313 |
| Plaintiff, | COLLECTIVE/CLASS ACTION COMPLAINT |
| v. | |
| TMC Restaurant of Charlotte, LLC d/b/a The Men's Club, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiffs, Leilonni Davis ("Davis"), Ashley Safrit ("Safrit"), and Lauren Wilson ("Wilson") (together "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, bring this collective action for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and this Fed.R.Civ.P. 23 class action for violations of 26 U.S.C. § 7434 and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1 et.seq.

NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit seeks to recover unpaid minimum wages, misappropriated tips, misappropriated commissions, and statutory penalties for Plaintiffs and any similarly situated co-workers, including servers and bartenders ("Tipped Workers") who work or have worked at TMC Restaurant of Charlotte, LLC d/b/a The Men's Club located at 444 Tyvola Road, Charlotte, NC 28217 ("The Men's Club").

2. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Tipped Workers who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the FLSA by The Men's Club for failing to pay minimum wages.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Tipped Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 et. seq. for failing to timely pay all earned wages.

4. Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former Tipped Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of 26 U.S.C. § 7434 for knowingly issuing Tipped Workers incorrect IRS Form W-2 tax forms.

## THE PARTIES

5. Davis is an adult individual who is a resident of Monroe, North Carolina.

6. Davis was employed by The Men's Club as a server, i.e. a Tipped Worker during the three year period preceding the filing of this Complaint.

7. A written consent form for Davis is being filed with this Complaint as Exhibit 1.

8. Safrit is an adult individual who is a resident of Charlotte, North Carolina.

9. Safrit was employed by The Men's Club as a server, i.e. a Tipped Worker during the three year period preceding the filing of this Complaint.

10. A written consent form for Safrit is being filed with this Complaint as Exhibit 2.

11. Wilson is an adult individual who is a resident of Charlotte, North Carolina.

2

12. Wilson was employed by The Men's Club as a bartender, i.e. a Tipped Worker during the three year period preceding the filing of this Complaint.

13. A written consent form for Wilson is being filed with this Complaint as Exhibit 3.

14. The Men's Club is a limited liability company registered and in good standing in the State of North Carolina with its principal place of business located at 444 Tyvola Road, Charlotte, NC 28217.

## JURISDICTION AND VENUE

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq. and 26 U.S.C. § 7434.

16. This Court has personal jurisdiction because The Men's Club conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

17. Venue is proper in this judicial district because The Men's Club has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

18. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

19. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

20. At all times hereinafter mentioned, The Men's Club has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, The Men's Club has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, The Men's Club has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Plaintiffs have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

24. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

25. At all times hereinafter mentioned, The Men's Club has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

26. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

PLAINTIFF'S FACTUAL ALLEGATIONS

27. Throughout the duration of their employment at the Men's Club, Plaintiffs and other Tipped Workers received biweekly paychecks from The Men's Club that did not properly record or compensate them for all the hours that they worked.

28. The Men's Club required Plaintiffs and other Tipped Workers to perform work off-the-clock without compensation. Specifically, The Men's Club maintained a policy and/or practice of requiring Plaintiffs and other Tipped Workers to participate in a pre-shift meeting before each shift, prior to clocking-in. Similarly, The Men's Club maintained a policy and/or practice of requiring Plaintiffs and other Tipped Workers to clock-out at the end of their shifts, but then continue performing work for The Men's Club, including cleaning the club after each shift. These additional pre-shift and post-shift duties required Plaintiffs and other Tipped Workers to work off-the-clock between 1 to 2 hours each shift.

29. The Men's Club did not permit Plaintiffs and other Tipped Workers to retain all the tips they earned. Specifically, The Men's Club required Plaintiffs and other Tipped Workers to share tips with managers, floor men, and the "House Mom.".

30. The Men's Club provides customers with what is called "bottle service," whereby customers purchase full bottles of wine and liquor. Plaintiffs and other Tipped Workers were required to share a percentage of the tips they received with The Men's Club managers, which ranged from 10% to 20%. If Plaintiffs and other Tipped Workers did not share a percentage of the tips received for bottle service, they would be threatened with disciplinary consequences and/or would not be assigned to tables that utilized bottle service.

31. Plaintiffs and other Tipped Workers received a portion of their tips from customers in what The Men's Club referred to as "Dance Dollars," which the customers purchased from The Men's Club. Plaintiffs and other Tipped Workers were required to redeem Dance Dollars they received as tips in exchange for cash. The Men's Club did not provide Plaintiffs and other Tipped Workers with the face value of each Dance Dollar, but instead The Men's Club managers retained a percentage of each Dance Dollar Plaintiffs redeemed.

32. The Men's Club regularly withheld earned tips and commissions from Plaintiffs and Tipped Workers to cover arbitrary fines and penalties assessed by the Men's Club against Plaintiffs and Tipped Workers.

33. The Men's Club did not keep, make or preserve accurate records of all time worked by Plaintiffs and other Tipped Workers.

34. For each year Plaintiffs and other Tipped Workers were employed by The Men's Club, The Men's Club issued Plaintiffs and other Tipped Workers an IRS Information Return W-2 that overstated Plaintiffs' and other Tipped Workers' gross wages. The amounts set forth on the W-2s included money that Plaintiffs and other Tipped Workers were required to tip-out to The Men's Club's managers and other non-Tipped Workers.

35. The Men's Club intentionally inflated Plaintiffs' and other Tipped Workers' W-2 wages to ensure that Plaintiffs' and other Tipped Workers' wage and hour records reflected that Plaintiffs and other Tipped Workers were paid at least the federal minimum wage for each hour worked, regardless of the amount of wages actually earned by Plaintiffs and other Tipped Workers each workweek.

36. At all times, The Men's Club had actual knowledge that the amounts listed on Plaintiffs' and other Tipped Workers' IRS Form W-2s were untruthful.

COLLECTIVE ACTION ALLEGATIONS

37. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs.

38. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring their First Cause of action, an FLSA claim, on behalf of themselves and similarly situated employees who have worked as Tipped Workers at The Men's Club, who elect to opt-in to this action ("Opt-in Plaintiffs).

39. The FLSA § 216(b) collective action class is properly defined as: All current and former employees of The Men's Club who were employed at The Men's Club Charlotte, North Carolina location as servers and bartenders anytime during the three-year period preceding the filing of the Complaint in this action.

40. Consistent with The Men's Club's policy and pattern or practice, Plaintiff and Opt-in Plaintiffs have not been paid minimum wages for all hours worked.

41. All of the work that Plaintiffs and Opt-in Plaintiffs have performed has been assigned by The Men's Club, and/or The Men's Club has been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

42. As part of its regular business practice, The Men's Club has intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs. This policy and pattern and practice includes, but is not limited to:

    (a)    willfully failing to pay its Tipped Workers, including Plaintiff and Opt-in Plaintiffs, minimum wages for all hours worked;

    (b)    willfully failing to pay and record all of the time that its Tipped Workers, including Plaintiff and Opt-in Plaintiffs, have worked for the benefit of The Men's Club; and

    (c)    willfully requiring its Tipped Workers to share tips with The Men's Club's management and other non-Tipped Workers.

43. The Men's Club is aware or should have been aware that federal law required them to pay Tipped Workers minimum wages for all hours worked.

44. Plaintiffs and Opt-in Plaintiffs perform or performed the same basic job duties, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

45. The Men's Club's policy and practice of requiring "off-the-clock" work, described above in Paragraph 28, was applicable to and affected all Tipped Workers.

46. The Men's Club's policy and practice of distributing tips to non-Tipped Workers, described above in Paragraphs 29-31, was applicable to and affected all Tipped Workers.

47. The Men's Club's policy and practice of misappropriating tips and commissions earned described above in Paragraph 32, was applicable to and affected all Tipped Workers.

48. The Men's Club's unlawful conduct has been widespread, repeated, and consistent.

49. There are many similarly situated current and former Tipped Workers who have been denied minimum wage in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

50. Those similarly situated employees are known to The Men's Club, are readily identifiable, and can be located through The Men's Club's records.

CLASS ACTION ALLEGATIONS

51. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95-

8

25.7 and 95-25.13 because The Men's Club failed to pay promised and earned wages for all hours worked by Plaintiffs and members of the proposed class.

52. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure pursuant to 26 U.S.C. § 7434 because The Men's Club knowingly issued fraudulent tax information returns to Plaintiffs and members of the proposed class.

53. Plaintiff proposes the same class for purposes of certification under Rule 23 as under § 216(b) of the FLSA, with the exception that the class period for their state law cause of action is two years from the date of the filing of this Complaint and the class period for their 26 U.S.C. § 7434 claim is six years from the date of the filing of this Complaint. The proposed class is easily ascertainable. The number and identity of NCWHA and 26 U.S.C. § 7434 class members are determinable from The Men's Club's payroll records or records over which it has control.

54. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of at least 40 persons.

55. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by The Men's Club's failure to timely pay earned wages and practice of issuing fraudulent IRS Form W-2 forms. The common questions of law and fact include, but are not limited to the following:

(a) whether The Men's Club refused to pay Plaintiffs and members of the proposed class promised and earned wages for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6, 95-25.7 and 95-25.13;

(b) whether The Men's Club had a policy and/or practice of requiring Plaintiffs and the Rule 23 class to work off-the-clock;

(c) whether The Men's Club misappropriated tips from Plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips paid by customers that were intended for Plaintiffs and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

(d) whether the Men's Club misappropriated commissions from Plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining commissions earned by Plaintiffs and the Rule 23 Class;

(d) whether The Men's Club's refusal to pay such compensation is in violation of NCWHA;

(e) whether The Men's Club issued information returns to Plaintiffs and the Rule 23 Class;

(f) whether the information returns The Men's Club issued to Plaintiffs and the Rule 23 Class were fraudulent;

(g) whether The Men's Club willfully issued fraudulent IRS Form W-2 forms to Plaintiffs and the Rule 23 Class.

56. The claims of Plaintiffs are typical of those claims that could be alleged by any Putative Class Member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same

compensation practices of The Men's Club; i.e. refusing to timely pay promised and earned wages. Similarly, all class members were subject to the same tax information form scheme and/or practice; i.e. inflating the amount of wages actually earned. The compensation and tax reporting policies and practices of The Men's Club affected all class members similarly, and The Men's Club benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

57. Plaintiffs are able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiffs and members of the proposed class. Plaintiffs have retained counsel who are experienced and competent in both wage and hour and complex class action litigation.

58. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

59. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk

11

of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the The Men's Club and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

(Violation of Fair Labor Standards Act – Minimum Wages Collective Action)

60. Plaintiffs incorporate by reference paragraphs 1-59 of their Complaint.

61. Count I arises from The Men's Club's violation of the FLSA, for its failure to pay all minimum wages earned by Plaintiff and similarly situated Tipped Workers.

62. The Men's Club violated the FLSA by requiring Plaintiffs and similarly situated Tipped Workers to share tips with non-Tipped Workers in one or more individual workweeks, thus violating the tip-credit provisions of the FLSA.

63. The Men's Club violated the FLSA by failing to pay Plaintiffs and similarly situated Tipped Workers for all time worked by requiring them to work off-the-clock without pay.

64. The Men's Club violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiffs and similarly situated Tipped Workers.

65. The Men's Club's violation of the FLSA was willful.

## COUNT II

(Violation of North Carolina Wage and Hour Act)

66. Plaintiffs incorporate by reference paragraphs 1-65 of their Complaint.

67. Count III arises from The Men's Club's policy and practice of suffering or permitting Plaintiffs and similarly situated Tipped Workers to work without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13.

68. The Men's Clubs violated N.C. Gen. Stat. §§ 95-25.6 by failing to pay Plaintiff sand similarly situated Tipped Workers all promised wage and overtime payments on the employees' regular payday for all hours worked.

69. The Men's Club's violation of the NCWHA was willful.

## COUNT III

(Violation of 26 U.S.C. § 7434)

70. Plaintiffs incorporate by reference paragraphs 1-69 of their Complaint.

71. The Men's Club knowingly issued Plaintiffs and similarly situated Tipped Workers incorrect W-2 tax forms for each tax year worked.

72. The Men's Club acted willfully and fraudulently to purposely issue incorrect IRS Form W-2s to Plaintiffs and similarly situated Tipped Workers.

73. The Men's Club's actions violated 26 U.S.C. § 7434.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

a) Order The Men's Club to file with this Court and furnish to counsel for Plaintiffs a list of all names, telephone numbers, home addresses and email addresses of all servers and bartenders or any other similarly titled position who have worked for The Men's Club within the last six years;

b) Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all servers and bartenders or any other similarly titled position who have worked for The Men's Club within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding The Men's Club liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

d) An Order certifying this action as a class action under the NCWHA and designate the above Plaintiffs as a representative on behalf of all those similarly situated Tipped Workers;

e) An Order pursuant to the NCWHA finding The Men's Club liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff and the class;

f) An Order certifying this action as a class action under 26 U.S.C. § 7434 and designate the above Plaintiffs as a representative on behalf of all those similarly situated Tipped Workers;

g) An Order pursuant to 26 U.S.C. § 7434 finding The Men's Club liable for statutory damages in the amount of $5,000.00 for each fraudulent information return issued to Plaintiffs and the class;

h) An Order awarding the costs of this action;

i) An Order awarding reasonable attorneys' fees;

j) A Declaration and finding by the Court that The Men's Club willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

k) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

l) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

The named Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

 s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038
E-Mail: phil@gibbonsleis.com

Gregg C. Greenberg,
ZIPIN, AMSTER & GREENBERG, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Telephone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com