# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-313-RJC-DCK

| | |
|---|---|
| LEILONNI DAVIS, ASHLEY SAFRIT, and LAUREN WILSON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **MEMORANDUM AND**<br>) **RECOMMENDATION** |
| TMC RESTAURANT OF CHARLOTTE LLC, d/b/a THE MEN'S CLUB, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Or Stay In Favor Of Arbitration" (Document No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted in part and denied in part.

## I. BACKGROUND

Plaintiffs Leilonni Davis ("Davis"), Ashley Safrit ("Safrit"), and Lauren Wilson ("Wilson") (together "Plaintiffs"), initiated this action with the filing of a "Collective/Class Action Complaint" (Document No. 1) (the "Complaint") on June 16, 2018. According to the Complaint, this "lawsuit seeks to recover unpaid minimum wages, misappropriated tips, misappropriated commissions, and statutory penalties for Plaintiffs and any similarly situated coworkers, including servers and bartenders ("Tipped Workers") who work or have worked at TMC Restaurant of Charlotte, LLC d/b/a The Men's Club" ("Defendant" or "TMC")." (Document No. 1, p. 1). The Complaint asserts claims for: (1) Violation of the Fair Labor Standards Act – Minimum Wages

Collective Action;  (2) Violation of the North Carolina Wage and Hour Act;  and (3) Violation of 26 U.S.C. § 7434.

Defendant TMC responded to the Complaint by filing its "…Motion To Dismiss Or Stay In Favor Of Arbitration" (Document No. 11) on August 30, 2018.  See (Document No. 11-1, p. 4).  Defendant contends that each Plaintiff "entered into an 'Arbitration Agreement and Waiver of Class/Collective Actions' with TMC" and thus agreed to "arbitrate any disputes related to their employment . . . pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 *et seq.*, and the American Arbitration Association ("AAA") Employment Arbitration Rules and Mediation Procedures."  (Document No. 11, p. 2;  Document No. 11-1, p. 1).

"Plaintiffs' Partial Opposition To Defendant's Motion To Dismiss or Stay In Favor Of Arbitration" (Document No. 16) was filed on October 4, 2018.  Plaintiffs' opposition concedes that Plaintiffs Safrit and Wilson signed enforceable arbitration agreements, and requests that their respective claims be stayed pending the outcome of arbitration.  (Document No. 16, p. 1).  However, Plaintiff Davis asserts that she did not sign or review an arbitration agreement, and was not even aware such agreement existed.  (Document No. 16, p. 5) (citing Document No. 16-1).  Davis concludes that the motion to dismiss or stay must be denied with respect to her claims.  (Document No. 16).  "Defendant's Reply To Plaintiff's Partial Opposition To Defendant's Motion To Dismiss Or Stay In Favor Of Arbitration" (Document No. 19) was filed on October 18, 2018.

The pending motion is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

Under the Federal Arbitration Act ("FAA"), written agreements to arbitrate disputes "are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. See also Boyton v. Xerox Commercial Solutions, LLC, 3:17-CV-505-RJC-DCK, 2018 WL 4001287, at *3 (W.D.N.C. July 31, 2018) adopted by 2018 WL 3995948 (W.D.N.C. Aug. 21, 2018) and Davis v. BSH Appliances, Corp., 2016 WL 2901741, at *3-4 (E.D.N.C. May 18, 2016). In general, the FAA reflects "a liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The FAA allows for a party to an agreement to arbitrate to move for a court to issue an order compelling arbitration. 9 U.S.C. § 4.

In the Fourth Circuit, a court will issue such an order "if: (i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute in question falls within the scope of the arbitration agreement." Chorley Enterprises, Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 563 (4th Cir. 2015) (citing Muriithi v. Shuttle Exp. Inc., 712 F.3d 173, 179 (4th Cir. 2013)). "The question whether the parties have submitted a particular dispute to arbitration, i.e., the '*question of arbitrability*,' is 'an issue for judicial determination....'" Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 82 (2002) (quoting AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 649 (1986)). The determination of "whether a dispute is arbitrable presents primarily a question of contract interpretation, requiring that we give effect to the parties' intentions as expressed in their agreement." Muriithi v. Shuttle Exp. Inc., 712 F.3d at 179 (citing Wachovia Bank, N.A. v. Schmidt, 445 F.3d 762, 767 (4th Cir. 2006)).

3

> We apply ordinary state law principles governing the formation of contracts, including principles concerning the "validity, revocability, or enforceability of contracts generally." *Hill v. Peoplesoft USA, Inc.,* 412 F.3d 540, 543 (4th Cir. 2005) (quoting *Perry v. Thomas,* 482 U.S. 483, 493 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987)). We also apply the federal substantive law of arbitrability, which governs all arbitration agreements encompassed by the FAA. *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

Muriithi at 179.

"If we conclude that the parties intended to arbitrate a dispute, we must enforce that agreement according to its terms." Chorley, 807 F.3d at 563 (citing CompuCredit Corp. v. Greenwood, 565 U.S. 95, 97-98 (2012)). "At the same time, it is well-settled that a 'party cannot be required to submit to arbitration any dispute which he has not agreed to so submit.'" Id. (quoting Levin v. Alms & Assocs., Inc., 634 F.3d 260, 266 (4th Cir. 2011)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Dockser v. Schwartzberg, 433 F.3d 421, 426 (4th Cir. 2006).

### III. DISCUSSION

As noted above, Plaintiffs concede that Safrit and Wilson signed arbitration agreements with Defendant, and they do not challenge the enforceability of those arbitration agreements. (Document No. 16, p. 1). As such, the undersigned will recommend that the pending motion be granted, to the extent that Safrit and Wilson's claims should be stayed pending their arbitration. Thus, the remaining issue before the Court is whether the claims of Plaintiff Davis should be dismissed or stayed.

Regarding Plaintiff Davis, Defendant acknowledges that it has been unable to locate a signed Arbitration Agreement. (Document No. 11-1, p. 3). Instead, Defendant alleges that it can "verify that she attended the August 26, 2012 employee meeting where all the employees in

4

attendance were notified of the existence of the Arbitration Agreement…." Id. Defendant seems to rely on its allegation that Plaintiff was present at a meeting about arbitration to support its claim that Plaintiff Davis agreed to arbitrate disputes subject to the Arbitration Agreement, even though there is no evidence she ever signed such an agreement. (Document No. 11-1, p. 12).

Defendant's "Memorandum…" notes that according to the Fourth Circuit a court considering a motion to compel arbitration "looks to (1) **whether the parties agreed to arbitrate their disputes** and (2) whether the disputes before the court are within the scope of the arbitration provision." (Document No. 11-1, p. 5) (citing Muriithi, 712 F.3d at 179) (emphasis added). Later, Defendant states "[c]ertainly, arbitration is a matter of contract and there is **not** a presumption that an arbitration agreement exists." (Document No. 11-1, p. 12) (citing Raymond James Financial Services, Inc. v. Cary, 709 F.3d 382, 385-86 (4th Cir. 2013)) (emphasis added). Moreover, Defendant acknowledges that "[a]rbitration is a matter of contract which requires mutual assent." (Document No. 11-1, p. 13). Despite citing the foregoing authority, Defendant repeatedly presumes that an arbitration agreement exists between Davis and Defendant. (Document No. 11-1).

Defendant argues that "Davis cannot escape her agreement to arbitrate simply because she neglected to return a signed copy to TMC . . . and she was instructed to return a signed copy as a condition of employment." (Document No. 11-1, p. 17). Defendant suggests that this case is the same as, or at least similar to Davis v. BSH Home Appliance, 2016 WL 2901741, at *4-5 (E.D.N.C. May 18, 2016), where the plaintiff pointed to the lack of a signature on the larger arbitration agreement. (Document No. 11-1, p. 18). However, as Defendant notes, the court in Davis "found a signed acknowledgement by plaintiff established that plaintiff was aware of the arbitration agreement." Id. (citing Davis, 2016 WL 2901741 at *5).

5

Case 3:18-cv-00313-RJC-DCK   Document 20   Filed 04/22/19   Page 5 of 8

In fact, the court in Davis found at least two instances where the plaintiff signed acknowledgement forms that the court determined "manifested his assent to the terms of the delegation clause." Davis, 2016 WL 2901741 at *4 (citing Hightower v. GMRI, Inc., 272 F.3d 239, 242-43 (4th Cir. 2001). The Davis court opined that "plaintiff's acceptance has been demonstrated both by his signature elsewhere, . . . and his conduct." Davis, 2016 WL 2901741 at *5 (citing Hightower, 272 F.3d at 242-43). In Hightower, the plaintiff signed an attendance sheet acknowledging receipt of Dispute Resolution Procedure ("DRP") materials. Hightower, 272 F.3d at 242-43.

Still, Defendant presumes that Plaintiff has assented to the terms of an arbitration agreement and concludes that she must be bound by the terms of such agreement because she voluntarily continued her employment with Defendant from 2012 to 2018. (Document No. 11-1, p. 18).

"Plaintiffs' Partial Opposition To Defendant's Motion…" states in pertinent part:

> Davis categorically denies that as a TMC employee: (1) she attended any meeting during which arbitration agreements were discussed; (2) she reviewed any arbitration agreement; (3) she was asked to sign an arbitration agreement; (4) she was told that signing an arbitration agreement was a condition of employment or continued employment; or that (5) she was aware that other servers were required to sign arbitration agreements. Given Davis' unequivocal testimony that she was unaware of the existence of an arbitration agreement, the Court should find that Davis never agreed to submit her claims to arbitration. *See* Davis Decl. ¶¶3-9.

(Document No. 16, p. 4).

Plaintiff Davis argues that Defendant's reliance on Davis v. BSH Home Appliances is misplaced. Id. Davis contends that "[u]nlike the employee in *Davis*, TMC has not produced 'clear and unmistakable evidence' that Davis received the arbitration agreement or signed an acknowledgement that she had." (Document No. 16, pp. 4-5) (quoting Davis, 2016 WL 2901741,

at *4). Plaintiff Davis further asserts that "[n]ot only did [she] never sign or review the arbitration agreement, she states she was not even aware that the arbitration agreement existed." (Document No. 16, p. 5) (citing Document No. 16-1, ¶ 9).

"Defendant's Reply…" asserts that Davis' position fails for two primary reasons: (1) she "does not dispute that the parties validly delegated the threshold issue of arbitration to the arbitrator;" and (2) Defendant now submits "further confirmation that Davis was present at the meeting where TMC's "Arbitration Agreement and Waiver of Class/Collective Actions" (the "Arbitration Agreement") was distributed to and explained to all employees…." (Document No. 19, pp. 1-2).

The undersigned does not find Defendant's arguments persuasive. Rather, the assertion that because Plaintiff Davis did not specifically challenge the delegation provision of the Arbitration Agreement her opposition must fail – is non-sensical. (Document No. 19, p. 2). Here, it appears that Plaintiff declined to challenge the delegation provision of the Arbitration Agreement because she denies any knowledge of the Arbitration Agreement whatsoever. See (Document Nos. 16 and 16-1). At most, Defendants arguments and exhibits may create a genuine issue of fact as to whether Plaintiff Davis attended the meeting on August 26, 2012.

Defendant does not present evidence that Plaintiff Davis executed any arbitration agreement or otherwise assented to an arbitration agreement by her signature elsewhere or her conduct. See Davis, 2016 WL 2901741 at *5 (citing Hightower, 272 F.3d at 242-43). By Defendant's own admission, a threshold issue here is whether the parties *agreed* to arbitrate their disputes. See (Document No. 11-1, p. 5) (citing Muriithi, 712 F.3d at 179). The undersigned finds no such agreement, therefore, the undersigned will recommend that the pending motion to dismiss or stay be denied as to Plaintiff Davis.

7

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Or Stay In Favor Of Arbitration" (Document No. 11) be **GRANTED in part and DENIED in part**. Specifically, the undersigned recommends that the motion be **GRANTED** to the extent the claims of Plaintiffs Ashley Safrit and Lauren Wilson are **STAYED** pending arbitration; and that the motion be **DENIED** as to Plaintiff Leilonni Davis.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: April 22, 2019

David C. Keesler
United States Magistrate Judge